NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNY LEE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1737

---

Petition for review of the Merit Systems Protection Board in No. SF-844E-18-0754-I-1.

---

Decided: June 6, 2025

---

DANNY LEE, Poway, CA, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Danny Lee appeals pro se a final order of the Merit Systems Protection Board denying his application for disability retirement under the Federal Employees' Retirement System. For the below reasons, we affirm.

BACKGROUND

From September 2009 until his resignation in July 2018, appellant Danny Lee served as a "Legal Assistant/Case Intake Technician," and then as a "Legal Assistant/Senior Case Technician," with the Social Security Administration ("SSA"). Appx2.[1] On November 3, 2017, Mr. Lee applied to the Office of Personnel Management ("OPM") for disability retirement under the Federal Employees' Retirement System ("FERS") due to "avascular necrosis of the left hip with collapse." *Id.*

On August 1, 2018, OPM denied Mr. Lee's application for disability retirement. Appx8. OPM found that Mr. Lee did not show he was disabled under FERS because he failed to show that his medical condition was incompatible with useful and efficient service, or retention, in his position. *Id.* Mr. Lee sought reconsideration of OPM's decision and provided OPM with additional documentation of his hip issues. Appx8–10. OPM sustained its August 1, 2018 denial. Appx10.

On September 4, 2018, Mr. Lee appealed OPM's denial to the Merit Systems Protection Board ("MSPB" or "Board"). *Id.* He argued that OPM wrongly denied him disability retirement. Appx10–11. He noted he suffered from hip pain, requested reasonable accommodations at work on numerous occasions, which were all denied, and was given work duties that caused him pain. Appx11.

---

[1] "Appx" refers to the appendix accompanying the appellee's responding brief.

The administrative judge ("AJ") assigned to his case concluded that Mr. Lee failed to establish by preponderant evidence two elements of his FERS disability retirement claim: (1) that his condition led to (a) a deficiency in performance, conduct, or attendance, or (b) an inability to render "useful and efficient service or retention in his former position"; and (2) that accommodation of his medical condition in the position he held was unreasonable. Appx14–15, Appx17–18, Appx24. As to the first element, the AJ found a lack of corroborating evidence demonstrating "impaired attendance, conduct, or performance as a basis for FERS disability." Appx20. The AJ also found that the record lacked persuasive evidence that his hip condition proved incompatible with useful and efficient service. *Id.* As to the second element, the AJ rejected Mr. Lee's allegations of denied accommodations as contradicted by the record. *See* Appx19, Appx23.

Mr. Lee petitioned for review of the AJ's decision to the full Board. Appx38. The Board denied review and affirmed the AJ's decision. Appx39–44. Mr. Lee appeals.

DISCUSSION

I.

We ordered the parties to address whether we have jurisdiction over this appeal. We did so because Mr. Lee noted a claim of discrimination in his Form 10 Statement of Discrimination filed in this court. Upon review of the parties' briefs, we conclude that we have jurisdiction over Mr. Lee's appeal, which is an appeal from an MSPB final decision disallowing his application for disability retirement. 5 U.S.C. § 7703(b)(1)(A); 28 U.S.C. § 1295(a)(9).

A "mixed case" occurs "[w]hen an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424 (2017) (alteration in original) (internal quotation marks omitted).

The proper venue for review of an MSPB decision concerning a mixed case is federal district court. *Id.* at 432. Thus, the question here is, in Mr. Lee's appeal to the MSPB, did Mr. Lee raise a discrimination allegation against OPM with his claim that OPM wrongly denied him disability retirement? The answer is no, although Mr. Lee noted otherwise in his Form 10.

Form 10 asked Mr. Lee whether he argued before the MSPB that "*the adverse employment action*" was attributable to discrimination. ECF No. 4 at 1 (emphasis added). In other words, Form 10 asked whether, before the MSPB, Mr. Lee argued that *OPM's* adverse action of denying him disability retirement was attributable to discrimination by *OPM. Id.* Mr. Lee marked "Yes." *Id.* But as the government notes in its response brief, this is not true. Response Br. 8–10. Before the MSPB, Mr. Lee alleged discrimination against the SSA, his former employer. *See* Appx28 n.13. The Board did not address this discrimination claim because it was not part of Mr. Lee's action against OPM.[2] *Id.* Similarly, it is not a part of this appeal. *See Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 553 (2001) (declining to reach an issue that was not decided below); *see also Nassar v. OPM*, 2025 WL 415457, at *1 n.4 (Fed. Cir. Feb. 6, 2025). Mr. Lee's allegation of discrimination against a different agency not subject to this appeal does not turn this appeal into a "mixed case." We retain jurisdiction over this appeal.

II.

---

[2]    The Board noted that if Mr. Lee wanted to pursue discrimination claims against SSA, he would "need to raise them in an appeal of an otherwise appealable action against SSA, or satisfy prerequisites for an individual right of action appeal as applicable." Appx28 n.13.

Turning to the merits of Mr. Lee's appeal, Mr. Lee argues that the Board overlooked and did not properly consider certain evidence. *See, e.g.*, Informal Br. 2–3 (noting that the Board did not consider his medical records). We reject Mr. Lee's argument. The Board considered the evidence Mr. Lee flags and ultimately determined that Mr. Lee's hip condition did not result in a qualifying disability under FERS. *See* Appx15–27 (AJ's decision); Appx38–44 (Board's final decision). To the extent Mr. Lee challenges the Board's weighing of the evidence, this challenge falls outside our limited scope of review in disability retirement appeals, which is substantially narrower than our review under the Administrative Procedure Act. *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 624–25 (Fed. Cir. 1995); *see also Vanieken-Ryals v. Off. of Pers. Mgmt.*, 508 F.3d 1034, 1038 (Fed. Cir. 2007). We may review appeals from a disability retirement determination that implicate procedural, legal, or other fundamental errors "going to the heart of the administrative determination." *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791 (1985); *Vanieken-Ryals*, 508 F.3d at 1038. We may not, however, review factual findings concerning disability determinations, which are "final and conclusive" and "not subject to review." 5 U.S.C. § 8347(c); *Lindahl*, 470 U.S. at 791. Thus, "we must reject challenges to the Board's factual determinations on physical disability." *Anthony*, 58 F.3d at 625.

Mr. Lee also argues that the Board failed to consider several laws. Informal Br. 2 (listing "Due process," "Discovery," "Federal disability retirement," "Family Medical Leave Act," "Weingarten Rights," and "Loudermill Rights"). Even under a lenient reading, however, Mr. Lee's brief presents no argument as to why the Board violated these statutes or "[r]ights," most of which are irrelevant to this appeal. *Id.* at 2–3. Upon review of the Board's decision, we see no legal error implicating these laws. We reject Mr. Lee's legal challenge.

CONCLUSION

We have considered Mr. Lee's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.